By the Court.*—Bosworth, Ch. J.
The complaint avers that judgment has been rendered in the injunction suit in favor of the defendants, therein, and the judgment roll filed, &c., “ whereby it appears that said Robert Strong (the plaintiff in the injunction suit) was not entitled to said injunction.”
The answer, alleges, second, that the defendant, “ denies that it has been decided" that said Robert Strong in said complaint mentioned was not entitled to the injunction in said action.” If it was not in fact so decided, or if the judgment rendered does not import that, in legal effect, then the defendants are not liable.
It is not stated, in what manner, or on what grounds the judgment was rendered, nor is it stated that the Court decided that Strong was not entitled to the injunction, unless such a statement is involved in the allegation, “ whereby it appears that said Robert Strong was not entitled to said injunction.”
If the judgment was rendered on a trial of the action on the merits of the case made by the complaint, or on a dismissal of the complaint for want of prosecution, then the injunction would be dissolved by the judgment rendered, and the judgment would be a final determination of the rights of the parties in that action (Code of Pro., § 245 ; Carpenter v. Wright, 4 Bosw., 655).
*38 But judgment may have been given for the defendants in that suit, solely by reason of matters of defence arising after suit brought, and on grounds conceding that the injunction was rightly issued.
Whether the plaintiff means by the words, “ whereby it appears that said Eobert Strong was not entitled to said injunction,” that such a result is manifested by the mere fact that judgment was given for the defendants, irrespective of the grounds of the judgment; or that the record discloses that the Court so adjudged, it is not easy to determine. I think, however, that he does not mean to allege in the use of those words, that the Court has in terms so decided. It is certainly not averred in terms, that the Court did so decide : the answer, substituting “ says ” for “ denies,” would contain a direct and unequivocal avennent that the Court has not so decided. And this is broad enough to exclude the fact of a decision to that effect, either in terms or legal effect.
This is not an irrelevant allegation, nor is it sham in the sense that it is shown to be untrue. Hot being irrelevant, nor shown to be untrue, it cannot be stricken out on motion:
The affidavit of Mr. Brown the plaintiff’s attorney, states that the complaint in the injunction suit was dismissed; but does not say whether it was for want of prosecution, or on what ground.
The defendant’s counsel insisted on the argument that it was dismissed for want of prosecution, and his view is, that a judgment for the defendants on that ground is not a final decision that the plaintiff was not entitled to the injunction, within the meaning of the undertaking.
In that I think he is mistaken (Code, § 245 ; 4 Bosw., 655). If his answer be stricken out as sham, he cannot test the accuracy of his views. It is not sham, if his view of the law is correct, and the judgment proceeded on the grounds stated.
But inasmuch as the complaint does not show on what grounds the judgment was rendered ; and the answer avers in substance that it has not been decided that Strong was not entitled to the injunction ; the latter averment presents an issue, on the decision of which the question of the defendant’s liability depends.
And as the pleadings present this question, it cannot be said that the allegation, denying the defendant’s indebtedness, or *39 that the plaintiffs have sustained damages within the meaning of the undertaking, is false or irrelevant.
If it has not been finally decided in the injunction suit that Strong was not entitled to the injunction, within the meaning of the words, “ finally decide,” as used in the Code and the undertaking, then it follows that these plaintiffs have not in judgment of law, sustained damages by reason of the injunction, and the defendants are not indebted to them.
The order appealed from strikes out the answer as sham and irrelevant, and orders “ judgment as demanded in. the complaint.” When an answer is thus stricken out, the plaintiff proceeds to perfect judgment, precisely as'if no answer has been put in.
The summons in this case is one for relief. The clerk cannot enter judgment under § 246 of the Code, because there is no “ amount mentioned in the summons.”
As the plaintiffs must apply to the Court for the relief demanded in the complaint, the defendants are entitled to eight days’ notice thereof (Code, § 246, sub. 2). This notice cannot be given until the action is in such a stage that it can: truly be said that an answer is due, and there is no answer in the action.
I think this order should be reversed.
Ordered accordingly.

 Present, Bosworth, Cli. J., White and Monell, JJ.